# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-148-FDW

| | |
|---|---|
| GARY D. GOCHIE, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| KEN BEAVER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 9). Plaintiff is proceeding *in forma pauperis*.

I.     **BACKGROUND**

*Pro se* Plaintiff is a North Carolina inmate who is currently incarcerated at the Alexander Correctional Institution. Plaintiff has filed an Amended Complaint pursuant to 42 U.S.C. §§ 1983 in which he complains about the conditions of his confinement at Alexander C.I. Plaintiff names as Defendants: Alexander C.I. Superintendent Ken Beaver, Assistant Superintendent Eric Dye, Unit Manager Kenny Boteat, Assistant Unit Manager Elizabeth Powell, and Correctional Officer Green.

Construing the Amended Complaint liberally and accepting it as true, Plaintiff's nightlight went out and it was not replaced for more than 120 days; the cell lights were not turned off after the final count on more than one occasion, resulting in sleep deprivation; there is no hot water in the cells and showers; clean clothes are not given out for days at a time; meals are not properly prepared and served hot; grievances are unfiled and the few replies that Plaintiff received are "hot air" replies without any remedy; Plaintiff is being denied access to the courts insofar as there is no

1

law library, his receipt of court mail is delayed, he does not have a copy of the Federal Rules of Civil Procedure, and he does not have the funds to pay for copies; and mail censorship is occurring insofar as Alexander C.I. will not accept "free books" from distributors. (Doc. No. 9-1 at 5).

Plaintiff seeks injunctive relief, nominal, punitive, and compensatory damages, and costs and fees.

## II. STANDARD OF REVIEW

A "court shall dismiss [a prisoner's] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983 and Bivens). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Conditions of Confinement**

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer, 511 U.S. at 832-34. Inmates' claims that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987). To establish the imposition of cruel and unusual punishment, a prisoner must prove two elements: (1) "the deprivation of [a] basic human need was objectively sufficiently serious," and (2) "subjectively the officials act[ed] with a sufficiently

culpable state of mind." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (quotation omitted).

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission ... result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298 (citing Rhodes, 452 U.S. at 347).

Plaintiff alleges that he went without a night light for several months, that lights are left on after the final count at night, cells and showers lack hot water, clean clothes are not provided daily, and meals are sometimes insufficient and not served hot.

The conditions of confinement that Plaintiff has identified amount to nothing more than "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." Strickler, 989 F.2d at 1380. They are not sufficiently serious to amount to a constitutional violation. See, e.g., Shrader v. White, 761 F.2d 975 (4th Cir.1985) (allegations that there were leaking ceilings, cold water in cells, dripping shower heads, the shower area was covered in rust, mold, and mildew, and shower controls did not work failed to state an Eighth Amendment claim); Smith v. Does, 2009 WL 305099 (S.D.W.Va. Feb. 6, 2009) (allegations of inadequate ventilation, no desk or chair, inadequate space between beds, inadequate head room for inmates on top bunks, poor lighting, poor hygiene resulting in offensive odor, sound pollution, locker disrepair, and mattresses without proper covers did not rise to the level of an Eighth Amendment claim). Therefore, Plaintiff's claim that the conditions of his confinement violate the

4

Eighth Amendment will be dismissed.

**(2)　Grievances**

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). A prisoner's "access to and participation in the prison's grievance process are not constitutionally protected…." Taylor v. Lang, 483 Fed. Appx. 855, 857 (4th Cir. 2012).

Plaintiff has no constitutionally recognized right to engage in the prison grievance procedure. Therefore, his claim that he is not being provided with a grievance procedure or remedy will be dismissed.

**(3)　Access to Courts**

Inmates have a constitutional right to a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts" which a state may not abridge or impair. Bounds v. Smith, 430 U.S. 817, 821 (1977); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). To make out a *prima facie* case of denial of access to the courts, the inmate cannot rely on conclusory allegations; instead, he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996). The injury requirement is not satisfied by any type of frustrated legal claim; the prisoner must demonstrate that his nonfrivolous post-conviction or civil rights legal claim has been frustrated or impeded. See Lewis v. Casey, 518 U.S. 343, 353 (1996). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Casey, 518 U.S. at 355.

Plaintiff alleges that mail from courts is being delayed and that he does not have access to a prison library, procedural rules, or photocopies. This claim is facially insufficient because

5

Plaintiff fails to allege that Defendants' actions caused him any actual injury. Therefore, Plaintiff's claim that he has been deprived of access to the courts will be dismissed.

**(5)** **Mail**

The First Amendment states that "Congress shall make no law … abridging the freedom of speech…." U.S. Const. Amend I. The First Amendment applies to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Pell v. Procunier, 417 U.S. 817, 822 (1974); Pittman v. Hutto, 594 F.2d 407, 410 (4th Cir. 1979). When a prison restriction infringes upon an inmate's First Amendment rights, the alleged infringement "must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979) (citing Jones v. N.C. Prisoners' Labor Union, 433 U.S. 119, 129 (1977)).

As a general rule, prisoners have the right to both send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974). Restrictions on this right are valid if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). For instance, a prisoner's First Amendment interest in corresponding does not preclude prison officials from examining mail to ensure that it does not contain contraband. Wolff v. McDonnell, 418 U.S. 539, 576 (1974).

Plaintiff alleges generally that Alexander C.I. will not accept "free books" from distributors. Plaintiff alleges that he has had books sent to him that Alexander C.I. denied.

This claim is too vague, conclusory, and lacking in factual support to state a claim against any of the Defendants and will be dismissed. See Fed. R. Civ. P. 8(a)(2) (short and plain statement

is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

**IV. CONCLUSION**

For the reasons stated herein, the Amended Complaint fails to state a claim upon which relief can be granted and is therefore dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 9), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk is directed to close this case.

Signed: November 13, 2018

Frank D. Whitney
Chief United States District Judge