# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-148-FDW

| | |
|---|---|
| GARY D. GOCHIE, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| KEN BEAVER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on *pro se* Plaintiff's Motion for Reconsideration, (Doc. No. 27), and Motion to Appoint Counsel, (Doc. No. 28).

First, Plaintiff seeks reconsideration of the Court's dismissal of several of his claims on initial review. (Doc. No. 27). A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice. Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002); see Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill, 277 F.3d at 708. The circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff reiterates his claims for relief and attempts to demonstrate their sufficiency to proceed. Plaintiff fails to satisfy Rule 59 and his motion for reconsideration will be denied. If Plaintiff wishes to file new or different claims and/or make changes to the named defendants, he must do so via a Motion to Amend and proposed Third Amended Complaint which would be subject to all procedural and timeliness requirements. See Fed. R. Civ. P. 15. Piecemeal filings will not be permitted. Plaintiff is reminded that, despite his *pro se* status, he must comply with all applicable procedures and rules including the Federal Rules of Civil Procedure and the Court's Local Rules. His attention is particularly drawn to Rule 8(a)(2) of the Federal Rules of Civil Procedure which requires a "short and plain" statement of the claim. Any Third Amended Complaint will supersede the prior pleadings and therefore any Defendants or claims not contained in the Third Amended Complaint will be waived. Plaintiff must include the case number on his Amended Complaint so that it is docketed in the correct case.

To the extent Plaintiff seeks discovery, this request is premature and has been misdirected to the Court. See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); Local Rule 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); Local Rule 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition.").

Finally, Plaintiff asks the Court to appoint counsel to represent him in this matter. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a

plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

The record reflects that Plaintiff has been able to adequately represent himself in these proceedings. This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion seeking reconsideration will be denied. However, the Clerk of Court will be instructed to mail Plaintiff a Notice and Response form pursuant to the Court's Standing Order regarding NCPLS. See 3:19-mc-60, Form A.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion for Reconsideration, (Doc. No. 27), is **DENIED**.

(2) Plaintiff's Motion to Appoint Counsel, (Doc. No. 28), is **DENIED**.

(3) The Clerk of Court is instructed to mail Plaintiff an NCPLS Notice and Response form.

Signed: June 12, 2019

Frank D. Whitney
Chief United States District Judge