# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-148-FDW

| | |
|---|---|
| GARY D. GOCHIE, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> KEN BEAVER, et al., ) </br> ) </br> Defendants. ) </br> ) | **ORDER** |

**THIS MATTER** is before the Court on periodic review of the record.

The *pro se* Complaint was docketed in this civil rights action on September 17, 2018, while Plaintiff was incarcerated at the Alexander Correctional Institution. (Doc. No. 1). The Amended Complaint passed initial review on claims that Defendants Ken Beaver, Eric Dye, Kenny Boteat, and Elizabeth Nicole Powell interfered with his right to receive mail. (Doc. No. 22). Plaintiff was released from NCDPS's custody on September 16, 2019 and Plaintiff has not updated the Court with his current address. See (Doc. No. 44).

Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a *pro se* plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from

1

jail). Litigants are also obligated to comply with Court orders. See generally Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."). Before dismissing a case for failure to prosecute, a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

The Court does not have a current address for Plaintiff, he has now been released from custody, and it appears that he may have abandoned this action. Before dismissing this action for failure to prosecute the Court will give Plaintiff an opportunity, within **14 days** of this Order, to notify the Court of his current address and indicate his desire to proceed with this case. Failure to comply will result in this case's dismissal without further notice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff shall file a Notice within **14 days** from service of this Order apprising the Court of his current address and informing the Court whether or not he wishes to proceed with this case.

2. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record as well as to Plaintiff's attention at Community Corrections, Judicial District 10 Unit J, 2020 Yonkers Road, Raleigh, NC 27604.

Signed: September 23, 2019

Frank D. Whitney
Chief United States District Judge