UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv148-FDW

| | |
|---|---|
| GARY D. GOCHIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| KEN BEAVER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on its September 23, 2019 Order, (Doc. No. 45), requiring the *pro se* Plaintiff to provide the Court with his present address and indicate whether or not he intends to proceed with this case now that he has been released from North Carolina Department of Public Safety ("NCDPS") custody.

Plaintiff's *pro se* Complaint was docketed on September 17, 2018, at which time he was incarcerated at the Alexander Correctional Institution. (Doc. No. 1). He was granted leave to proceed *in forma pauperis*. (Doc. No. 11). The Amended Complaint, (Doc. No. 20), passed initial review on Plaintiff's claim about interference with the mail and the remaining claims were dismissed. (Doc. No. 22). NCDPS filed a Notice on September 20, 2019, informing the Court that Plaintiff had been released from NCDPS custody. (Doc. No. 44). The Court issued an Order on September 23, 2019, requiring Plaintiff to update his address and inform the Court whether or not he wishes to proceed with this action. (Doc. No. 45). The Order was mailed to Plaintiff's address of record at the Alexander C.I. as well as to Plaintiff's attention at the Judicial District 10 Community Corrections Office. (Id.). The time for responding to the September 23 Order has expired and Plaintiff has not updated the Court with his current address or informed the Court of

1

his intent to proceed with this case.

Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a *pro se* plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Litigants are also obligated to comply with Court orders. See generally Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."). Before dismissing a case for failure to prosecute, a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

Plaintiff has failed to keep the Court apprised of his current address following his release from prison and he has not responded to the Court's September 23 Order. It appears that Plaintiff has abandoned this action. The Court has considered the relevant factors and will dismiss this action without prejudice for lack of prosecution and for failing to comply with a Court Order.

**IT IS, THEREFORE, ORDERED that:**

(1) This action is dismissed without prejudice for lack of prosecution and for Plaintiff's failure to comply with this Court's September 23, 2019 Order.

(2) The Clerk of this Court is directed to terminate this action.

Signed: October 25, 2019

Frank D. Whitney
Chief United States District Judge